UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GASAN ESAM EL KHODARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:10-CV-0382-G |
| JANET NAPOLITANO, Secretary of the ) | |
| Department of Homeland Security, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants to dismiss the complaint filed by the plaintiff for lack of subject-matter jurisdiction (docket entry 10). For the reasons set forth below, the motion is granted.

### I. BACKGROUND

#### A. Factual Background

The plaintiff, Gasan Esam El Khodari ("El Khodari"), brings this action seeking *de novo* review of his application for naturalization, which was denied by the United States Customs and Immigration Service ("USCIS") on June 29, 2009. *See* Plaintiff's

Original Complaint ("Complaint") ¶ 1 (docket entry 1). El Khodari contends that USCIS wrongfully denied his application on the ground that a removal proceeding had been "initiated" against him. See *id.* ¶ 14. He has sued Janet Napolitano and Tracy Tarango in their official capacities as Secretary of the Department of Homeland Security and District Director of USCIS, respectively. *Id.* ¶¶ 4-5.

El Khodari is a native of Kuwait. *Id.* ¶ 3. Wedad Khalil Habib filed a Petition for Alien Relative, Form I-130, on his behalf on May 20, 1992; the petition was approved on August 21, 1992. Motion to Dismiss Application for Naturalization With Memorandum Brief ("Motion to Dismiss") at 2. El Khodari married on June 20, 1997. *Id.* Nevertheless, on May 10, 2001, El Khodari's status was adjusted to that of a lawful permanent resident, as an unmarried son of a United States citizen. *Id.* He currently resides in Texas. Complaint ¶ 3.

El Khodari filed an application for naturalization on August 18, 2006. *Id.* ¶ 8. On June 29, 2009, USCIS denied the application because its records revealed that a removal proceeding had been initiated against him. *Id.* ¶ 9. That same day, USCIS prepared a Notice to Appear ("NTA") and executed a certificate of service. *Id.* ¶ 10. USCIS mailed the NTA to El Khodari on July 15, 2009. *Id.* El Khodari appealed USCIS's denial of his naturalization application, but his appeal was denied on October 30, 2009 because of the pending removal proceeding. *Id.* ¶ 11. El Khodari filed this action on February 24, 2010. A few months later, on April 11, 2010,

USCIS filed the NTA with the immigration court. Motion to Dismiss at 2. On April 30, 2010, the defendants filed this motion to dismiss Khodari's complaint for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1) and 8 U.S.C. § 1429.

B. Procedural Background

1. *Rule 12(b)(1) Standard*

Rule 12 (b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. FED. R. CIV. P. 12(b)(1). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) must be considered before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citation and internal quotation marks omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception.") (citation and internal quotation marks omitted)). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 180-81 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).

In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). Once a challenge to subject-matter jurisdiction is raised, the burden falls upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. See *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of federal jurisdiction." *Id*. (citations and internal quotation marks omitted).

## 2. *8 U.S.C. § 1429*

Title 8, section 1429 of the United States Code ("section 1429") provides, in pertinent part, that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act . . . ."[1] 8 U.S.C. § 1429. Congress enacted section 1429 to end the "race between the alien to gain citizenship and the Attorney General to deport him." See *Shomberg v. United States*, 348 U.S. 540, 544 (1980) (discussing predecessor to section

---

[1] A NTA issued in a deportation proceeding qualifies as a warrant of arrest under the statute. 8 C.F.R. § 318.1.

1429). As a result, section 1429 has come to be known as the "priority provision" of the Immigration and Nationality Act ("INA") -- it prioritizes removal proceedings and delays the Attorney General's consideration of a naturalization application until after any pending removal proceedings are completed. See *id.* at 543-44.

Whether section 1429 prevents a district court from reviewing a naturalization application while a removal proceeding is pending against the applicant is a question on which the circuits have split.[2] Compare *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004) ("The effect of § 1429, in our view, is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of a jurisdiction expressly conferred on it by the very act of Congress that amended § 1429."), and *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004) ("[T]he district courts have jurisdiction to review the denial but the scope of review is limited to 'such' denial."), and *Ngwana v. Attorney General of the United States*, 40 F. Supp. 2d 319, 321 (D. Md. 1999) (holding that section 1429 does not divest the district court of its jurisdiction while a deportation proceeding is pending), with *Petition of Terzich*, 256 F.2d 197, 200 (3rd Cir.) (divesting jurisdiction while removal proceedings are pending), *cert. denied*, 358 U.S. 843 (1958), and *United*

---

[2] Under 8 U.S.C. § 1421(c), federal district courts have jurisdiction to review administrative denials of naturalization application: "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." *Zayed v. United States*, 368 F.3d 902, 905 (6th Cir. 2004) (*quoting* 8 U.S.C. § 1421(c)).

*States v. Ali*, 757 F. Supp. 710, 713 (W.D. Va. 1991) (same).  In *Saba-Bakare v. Chertoff*, 507 F.3d 337 (5th Cir. 2007), the Fifth Circuit seemingly answered this question in the affirmative when it held that district courts lack jurisdiction to declare an applicant *prima facie* eligible for naturalization "because the 1990 amendment of § 1421 'granted the Attorney General exclusive authority to naturalize aliens, removing the authority that courts had previously held to naturalize aliens.'"[3]  See *Esomo v. Barrows*, No. 3:07-CV-1814-K, 2008 WL 3172779, at *2 (N.D. Tex. July 25, 2008) (Kinkeade, J.) (quoting *Saba-Bakare*, 507 F.3d at 341).  The Fifth Circuit explained that section 1429 requires an applicant to "wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application."  *Saba-Bakare*, 507 F.3d at 340.

Courts in this circuit have disagreed about the reach of *Saba-Bakare*.  Compare *Esomo*, 2008 WL 3172779, at *2 (holding that *Saba-Bakare* did not address the jurisdiction question), with *Ogunsanya v. Napolitano*, No. 3:09-CV-0607-L, 2010 WL 243146, at *2 (N.D. Tex. Jan. 19, 2010) (Lindsay, J.) (holding that *Saba-Bakare* made

---

[3] Previously, under 8 C.F.R. § 1239.2(f), if a person established *prima facie* eligibility for naturalization and presented exceptionally appealing or humanitarian factors, an immigration judge could terminate removal proceedings to permit the person to proceed to a final hearing on the pending application or petition for naturalization.  *Saba-Bakare*, 507 F.3d at 339; but see *Perriello v. Napolitano*, 579 F.3d 135, 141 (2d Cir. 2009) (explaining that after the 1990 amendments to the INA, "[o]nce removal proceedings are in progress . . . , [USCIS] is barred . . . from considering an alien's application; so it will be impossible for an alien to establish prima facie eligibility for naturalization.").

clear that district courts lack jurisdiction to review a naturalization application while a removal proceeding is pending). In *Esomo*, the court concluded that it had limited jurisdiction to review a naturalization application because *Saba-Bakare* did not decide the "specific jurisdictional question" of whether section 1429 divests district courts of jurisdiction to review naturalization applications under 8 U.S.C. § 1421(c). *Esomo*, 2008 WL 3172779, at *3 ("[W]here [US]CIS denied a review because the NTA had been issued" the court maintains limited jurisdiction to determine "whether [US]CIS properly denied the application on that ground.").

In *Ogunsanya*, however, the court concluded that it lacked jurisdiction to review a naturalization application because the Fifth Circuit's decision in *Saba-Bakare* "held that section 1429 divests a district court of subject matter jurisdiction while a removal proceeding is pending." *Ogunsanya*, 2010 WL 243146, at *2. Most other courts in this circuit to address the issue have reached the same conclusion. See, *e.g.*, *Olaoye v. Kehl*, No. 3:08-CV-1611-O, 2009 WL 2222880, at *1 (N.D. Tex. July 24, 2009) (O'Connor, J.) ("When removal proceedings are pending, section 1429 prevents district courts or USCIS from considering a naturalization application until the removal proceedings have been completed . . . . This 'priority provision' makes it clear that removal proceedings have priority over naturalization applications."); *Mahdi v. Tarango*, No. 3:08-CV-1047-BF (D), 2008 WL 5329619, at *1 (N.D. Tex. Dec. 18, 2008) (Stickney, M.J.) ("Once removal proceedings have begun, consideration of a

naturalization application by this Court or by USCIS is precluded."); see also

*Robertson-Dewar v. Mukasey*, 599 F. Supp. 2d 772, 782 (W.D. Tex. 2009) ("[Section]

1429 prevents this Court from ordering that Petitioner's Application be considered or

from considering the Application itself. If -- and only if -- Petitioner prevails in his

removal proceedings, he may again bring his action in this Court. If he does not

prevail in removal proceedings, however, this Court may not order him naturalized.").

The court is convinced that the weight of authority in this circuit favors

divestiture of subject-matter jurisdiction while a removal proceeding is pending.[4]

---

[4] As a practical matter, exercising jurisdiction in this case would put the court in the unenviable position of creating a right without a remedy. "[B]ecause § 1429 bars the Attorney General from acting on an application for naturalization, and because § 1421(a) grants the Attorney General the 'sole authority to naturalize persons as citizens of the United States,' this Court is without power to order the Attorney General to do something he is otherwise barred by statute from doing." *Trujillo v. Barrows*, No. 6:06-CV-203, 2006 WL 3759903, at *3 (E.D. Tex. Nov. 8, 2006) (*quoting* 8 U.S.C. § 1429); see also *Robertson-Dewar*, 599 F. Supp. 2d at 782 (explaining that the court lacks authority to naturalize persons). Courts that have exercised jurisdiction in similar cases have attempted to avoid this result, however, by limiting the scope of their jurisdiction to a determination of whether an application for naturalization was properly denied because of a pending removal proceeding. See, *e.g.*, *De Lara Bellajaro*, 378 F.3d at 1047 (limiting jurisdiction); see also *Rahman v. Napolitano*, No. 09-3437, 2010 WL 2777271, at *4 (6th Cir. 2010) (concluding that a pending removal proceeding precluded the district court from either adjudicating the application for naturalization or remanding to the USCIS with instructions that it do so). While this approach temporarily circumvents the issue, it is unclear what remedy would be available if a naturalization application was improperly denied on the ground that a removal proceeding was pending against the applicant. Section 1429 makes clear that so long as a removal proceeding is pending (even if it were not pending when the application for naturalization was denied), the Attorney General cannot consider an application for naturalization, and the court cannot order the Attorney General to do something that he is statutorily prohibited from doing. See

(continued...)

This, however, says nothing about the court's ability under Rule 12(b)(1) to resolve any factual dispute that might exist between the parties concerning whether a removal proceeding is actually pending against the applicant before dismissing the case for lack of jurisdiction. See *MCG*, 896 F.2d at 176; *MDPhysicians*, 957 F.2d at 181. To hold otherwise would allow any unsubstantiated assertion that a removal proceeding is pending to present a practically indestructible barrier to the district court fulfilling its statutory duty to review *de novo* an administrative denial of a naturalization application.[5] To avoid this untoward result, the court concludes that section 1429 divests the district courts of subject-matter jurisdiction while removal proceedings are pending, but it does not prevent a district court from resolving, as part of its jurisdictional analysis under Rule 12(b)(1), any factual dispute that may

---

[4](...continued)
*Trujillo*, 2006 WL 3759903, at *3.

[5] Such a result is precisely what courts finding "limited" jurisdiction have sought to guard against. *E.g.*, *Ngwana*, 40 F. Supp. 2d at 321-22. The court notes that a similar barrier might arise in cases where a removal proceeding is initiated *after* a person's application for naturalization has been filed or denied on the merits. See *Saad v. Barrows*, No. Civ.A. 3:03-CV-1342-G, 2004 WL 1359165, at *4-5 (N.D. Tex. June 16, 2004) (Fish, C.J.) (holding that the court has jurisdiction to conduct *de novo* review of the naturalization denial where removal proceedings were commenced after the application for naturalization was denied). In other words, USCIS could always "circumvent the congressionally mandated *de novo* judicial review of naturalization decisions simply by initiating removal proceedings" after a person's application for naturalization has been denied. *Id.* Even so, the court is bound by the Fifth Circuit's determination that a person must "wait until the termination of the removal proceeding" before a district court entertains a question regarding his naturalization application. *Saba-Bakare*, 507 F.3d at 340.

exist between the parties concerning whether a removal proceeding is actually pending against the applicant.[6]

## II. ANALYSIS

El Khodari filed his complaint on February 24, 2010 seeking *de novo* review of his application for naturalization and requesting that the court order him naturalized. The defendants moved to dismiss El Khodari's complaint for lack of subject-matter jurisdiction. El Khodari did not file a response to the defendants' motion to dismiss. As a result, the court will accept as undisputed the facts described in support of the defendants' motion to dismiss. See *Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988).

El Khodari filed his application for naturalization on August 18, 2006, and his application was denied on June 29, 2009. Motion to Dismiss at 2; Complaint ¶¶ 8-9. The defendants contend that El Khodari's application was denied because a removal proceeding is pending against him. Motion to Dismiss at 2. El Khodari alleges in his complaint that USCIS did not file the NTA with the immigration court before his application was denied, so a removal proceeding was not pending against him when USCIS denied his application on that basis. Complaint ¶ 14. The defendants counter that a removal proceeding was "initiated" against El Khodari on June 29,

---

[6] If no removal proceeding is actually pending against the applicant, section 1429 does not apply and the court has statutory authority to review *de novo* a naturalization application that has been denied after a hearing conducted by an immigration officer. *See* 8 U.S.C. § 1421(c)

2009, with the issuance of a NTA that was later filed with the immigration court. Motion to Dismiss at 2. According to the defendants, the fact that a NTA was issued and later filed with the immigration court demonstrates that a removal proceeding is pending against El Khodari and precludes judicial review of his application for naturalization. As previously discussed, the only question before the court on this motion to dismiss is whether a removal proceeding *is* presently pending against El Khodari -- if so, the court lacks jurisdiction to review his naturalization application.

Removal proceedings *commence* when USCIS "files the appropriate charging document with the immigration court." See *DeLeon-Holguin v. Ashcroft*, 253 F.3d 811, 815 (5th Cir. 2001); *see also* 8 C.F.R. § 1239.1(a) ("Every removal proceeding conducted under section 240 of the Act (8 U.S.C. 1229a) to determine the deportability or inadmissibility of an alien is commenced by the filing of a notice to appear with the immigration court."); 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."). However, USCIS's issuance of a NTA that is subsequently filed with the immigration court may, however, be enough to prevent a district court from exercising jurisdiction because "[a]ny delay between the initial issuance of the NTA and its filing with the immigration court does not justify [the applicant's] argument that removal proceedings were not and are not presently pending against him." *Esomo*, 2008 WL 3172779, at *4; see also *Zayed*, 368

F.3d at 907 ("Regardless of when removal proceedings are initiated, the Attorney General may not naturalize an alien while such proceedings remain pending.") (*citing* 8 U.S.C. § 1429)); but see *Ibrahim v. Department of Homeland Security*, No. Civ.A. C-05-139, 2005 WL 2230152, at *5 (S.D. Tex. Sept. 15, 2005) (holding that a removal proceeding is not pending if the NTA has not been filed with the immigration court).

Section 1429 specifically prohibits consideration of a naturalization application "if there is pending against the applicant a removal proceeding *pursuant to a warrant of arrest issued* under the provisions of this chapter . . . ." 8 U.S.C. § 1429 (emphasis added). The text of the statute requires only that a warrant of arrest -- the NTA -- be *issued*. See *id.*; 8 C.F.R. § 318.1. It does not require a removal proceeding to have been formally "commenced" with the filing of the NTA with an immigration court before prohibiting the consideration of a naturalization application. A finding to the contrary would reignite the race between the applicant to gain naturalization and the Attorney General to deport him by allowing the party who files first to either avoid or invoke section 1429. This would clearly contravene the purpose of section 1429. See *Shomberg*, 348 U.S. at 544.

In the present case, the defendants argue that a NTA was issued on June 29, 2009 and filed with the immigration court on April 11, 2010.[7] Motion to Dismiss at

---

[7] The court notes that El Khodari does not dispute that a removal
(continued...)

2. Accepting those undisputed facts as true in light of the plaintiff's failure to respond to the defendants' motion to dismiss, the court finds that it lacks jurisdiction to review El Khodari's application for naturalization.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**.

**SO ORDERED**.

November 16, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

[7](...continued)
proceeding is currently pending against him; rather, he alleges in his complaint only that no removal proceedings were pending against him at the time his application for naturalization was denied by USCIS on that ground.  Complaint ¶ 14.  As the court has already discussed, however, the timing of USCIS's filing of the NTA with the immigration court does not alter the court's jurisdiction analysis:  so long as a removal proceeding is actually pending against the applicant, the court lacks jurisdiction to review his application for naturalization on the merits.  See *De Lara Bellajaro*, 378 F.3d at 1046 ("[The applicant] doesn't contest the ground for that denial; rather, he wants the district court to consider his application on the merits, that is, to determine that he has good moral character and is entitled to naturalization.  This is a determination that the Attorney General has not yet made because of § 1429, and it is one that the district courts, which no longer have authority to naturalize, can not make in the first instance.").